UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARCUS ROOSEVELT TAYLOR                                                PETITIONER
Reg #62930-037

V.                           No. 2:21-CV-112-BSM-JTR

JOHN P. YATES, Warden,
FCI-Forrest City Low                                                   RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.     Background

On February 13, 2018, a jury in the District of Maryland convicted Petitioner Marcus Roosevelt Taylor ("Taylor") of Hobbs Act robbery, conspiracy to commit racketeering under the Racketeer Influenced Organizations Act ("RICO"), and a RICO violation. *Doc. 6-1 at 1–54; Doc. 6-3*. He was sentenced to eighteen years in

the Federal Bureau of Prisons ("BOP"), which he is currently serving at the low security Federal Correctional Institution in Forrest City, Arkansas ("FCI-Forrest City Low"). *Doc. 6-1 at 55; Doc. 6-3*.

In this habeas action, brought under 28 U.S.C. § 2241, Taylor contends that the BOP improperly used his Hobbs Act robbery conviction to classify him as a "violent offender." *Doc. 1*. As a result of this classification, Taylor has a "Greatest Severity" Public Safety Factor ("PSF") and must "be housed in at least a Low security level institution, unless the PSF has been waived." BOP Program Statement 5100.08 (2006), at 7.

For relief, Taylor asks that the BOP be required to reclassify him as a non-violent offender, so that he may be transferred to a BOP camp facility. According to Taylor, the camp facilities have "desirable jobs and programs," which "offer pre-release custody credits and other benefits not offered at other [BOP institutions]." *Doc. 2 at 3*.

Respondent, John P. Yates, the Warden of FCI-Forrest City Low, has filed a Response arguing that the § 2241 Petition must be dismissed because: (1) Taylor failed to exhaust his administrative remedies; (2) Taylor's claim challenging his classification is not cognizable in a habeas action; and (3) assuming the claim is cognizable, Taylor is precluded from pursuing it under the § 2255 "saving clause."

*Doc. 6*. Taylor has filed a Reply (*Doc. 7*) and an "Emergency Motion for the Court to Take Judicial Notice" (*Doc. 9*).[1]

For the reasons explained below, Taylor's challenge to his classification is not cognizable in this § 2241 habeas action. Accordingly, Taylor's habeas Petition (*Doc. 1*) should be dismissed, for lack of jurisdiction.

## II. Discussion

Habeas corpus is the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). A civil rights complaint, on the other hand, "is a proper remedy for a…prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 489; *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

---

[1] In this "Emergency" Motion, Taylor asks the Court to take judicial notice of the events underlying his conviction for Hobbs Act robbery. *Doc. 9*. This Motion is better characterized as a "Notice" or "Supplemental Reply." Regardless, as explained later in this Recommendation, the Court cannot reach the merits of Taylor's habeas Petition due to lack of jurisdiction, and the Motion for judicial notice (*Doc. 9*) is moot.

If a habeas petitioner is not challenging the validity of his criminal conviction or sentence, or the duration of his confinement, a habeas court lacks jurisdiction to grant relief. *Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073–74 (8th Cir. 1996) ("Where a petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state [or federal] custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

Taylor is currently challenging *the validity* of his convictions through a § 2255 Petition filed in the district of conviction. *USA v. Taylor*, No. 1:17-CR-106-GLR-6 (D. Md. Sept. 15, 2020), *ECF No. 592*; *Taylor v. USA*, 1:20-CV-2656-GLR (D. Md. Sept. 15, 2020). In the § 2241 Petition pending before this Court, Taylor alleges that he is challenging *the duration* of his confinement, because *he believes* his "Greatest Severity" PSF "prevents him from participating in programs and custody assignments which would reduce the duration of his confinement." *Doc. 1 at 1*. However, there is no evidence in the record to support his claim that his "Greatest Severity" PSF, or resulting confinement at FCI-Forrest City Low, affects the duration of his confinement. Accordingly, this Court lacks jurisdiction to consider this claim under § 2241.

Federal prisoners have the ability to earn two types of "time credit" that can affect the length of their confinement: (1) "Good Conduct Time" ("GCT"), under 18

U.S.C. § 3624(b); and (2) "Earned Time Credits" ("ETC"), under the First Step Act ("FSA"). Nothing about Taylor's confinement at FCI-Forrest City Low, or his "Greatest Severity" PSF, affects his ability to earn these credits. In fact, documentation submitted by Taylor shows that he is eligible for both GCT and ETC and is successfully participating in programs at FCI-Forrest City Low that allow him to earn those time credits. *See Doc. 7 at 6–7* (showing Taylor is FSA eligible); *Doc. 9 at 37* (showing that, as of June 30, 2021, Taylor had earned 1366 hours of ETC); *Doc. 9 at 40* (showing that, as of November 10, 2021, Taylor had earned 216 days of GCT and is projected to earn a total of 463 days of GCT).

Thus, even if Taylor were successful in removing his "Greatest Severity" PSF and obtaining a more favorable classification, it would not impact the duration of his confinement. Instead, it would potentially impact where he is assigned to serve the remainder of his sentence. Thus, properly characterized, Taylor is asserting a conditions of confinement claim that is not cognizable in a habeas action. *See Vaughan v. Hendrix*, No. 2:19-CV-46-DPM-JTR, 2019 WL 4412290, at *1 (E.D. Ark. Aug. 20, 2019) (challenge to "Greatest Severity" PSF is not cognizable under § 2241), *report and recommendation adopted as modified*, 2019 WL 4411960 (E.D. Ark. Sept. 13, 2019); *Burris v. Beasley*, No. 2:18-CV-9-JM-BD, 2018 WL 1464668, at *1 (E.D. Ark. Mar. 7, 2018) ("Where [federal prisoner] serves his sentence and his designation while serving it does not fall under § 2241's purview."), *report and*

5

*recommendation adopted*, 2018 WL 1470583 (E.D. Ark. Mar. 23, 2018); *Butler v. Outlaw*, No. 2:08-CV-192-JLH-JTR, 2010 WL 1417910 (E.D. Ark. April 6, 2010) (Order adopting Recommended Disposition concluding petitioner's due process challenge to his Sex Offender PSF failed to state a cognizable § 2241 claim, especially since the only adverse consequences alleged were inability to participate in certain programs and ineligibility for transfer to a camp facility).[2]

### III. Conclusion

This Court lacks subject matter jurisdiction to consider the claim Taylor has raised in his § 2241 habeas Petition.[3]

---

[2] *See also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (concluding that claims challenging the assignment of a PSF were not cognizable under § 2241 because they do not challenge the fact, duration, or execution of a sentence); *Pollock v. Kallis*, No.1:20-CV-359-DSD-BRT, 2021 WL 3476627, at *4 (D. Minn. Apr. 6, 2021) (noting that petitioner's "Greatest Severity" PSF did not affect his ability to earn credits under the FSA and concluding that the challenge to that PSF was not cognizable in a § 2241 petition), *report and recommendation adopted*, 2021 WL 2710013 (D. Minn. July 1, 2021), *aff'd sub nom. Pollock v. Marske*, No. 21-2570, 2022 WL 1218640 (8th Cir. Apr. 26, 2022).

[3] The Court has considered whether Taylor's challenge to his PSF designation states a "potentially viable" conditions of confinement claims under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Spencer*, 774 F.3d at 471 (where a habeas petition can be construed as asserting a "potentially viable" conditions of confinement claim, the court should offer the petitioner the opportunity to recharacterize the claims and to convert the claim into a civil rights action).
Because Taylor's challenge to his PSF designation does not constitute a "potentially viable" conditions of confinement claim, it would be futile to offer him the opportunity to convert this case into a *Bivens* action. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (prisoners generally have no constitutionally protected interest in their placement and classification while incarcerated). It would also impose an unnecessary financial burden on Taylor, who would be required to pay the $350 filing fee required under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), rather than the $5 filing fee for a § 2241 action.

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner Taylor's § 2241 Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED, without prejudice, for lack of habeas corpus jurisdiction.

2. Petitioner Taylor's "Emergency Motion for the Court to Take Judicial Notice" (*Doc. 9*) be DENIED, as moot.

DATED, this 9th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE